UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tyrone Bryant, #22285-057, | ) | Civil Action No. 4:19-cv-2115-TMC |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Travis Bragg, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a federal prisoner proceeding pro se, brought this action under 28 U.S.C. § 2241. (ECF No. 1). This case is before the Court due to Petitioner's failure to comply with the magistrate judge's orders of August 2, 2019, and September 9, 2019. (ECF Nos. 6, 10). A review of the record indicates that the magistrate judge twice ordered Petitioner to submit items needed to bring his case into proper form within twenty-one days and specifically warned Petitioner that if he failed to do so, his case would be subject to dismissal. (ECF Nos. 6 at 2; 10 at 2).

The order of August 2, 2019, required Petitioner to respond within twenty-one days to the following interrogatory of the court:

> Petitioner has filed a Motion for *in forma pauperis* stating he has zero amount of money in cash or in a checking or savings account. (ECF No. 2). However, Petitioner attached his prison record of his financial account activity and the balance is $2,669.10. **EXPLAIN below any reasons why you cannot pay the $5 filing fee in this action**.

(ECF No. 6-1). The order contained bolded language warning that if "**Petitioner does not respond to the Interrogatories attached to this Order within the time permitted by this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure**." (ECF No. 6 at 1).

1

Furthermore, Petitioner was ordered to advise the Clerk of Court of any address changes and warned that the failure to do so "will not be excused by the court" and would subject his case to dismissal:

> You are ordered to always keep the Clerk of Court advised **in writing** . . . if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, <u>your case may be dismissed for violating this Order</u>. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

(ECF No. 6 at 2).

The August 2, 2019, order was sent to Petitioner at the address he provided when he filed this action. (ECF No. 7). Petitioner failed to comply or respond in any way.

On September 9, 2019, the magistrate judge extended the time for Petitioner to comply, issuing an identical order requiring Petitioner to respond to the court's interrogatory and to keep the court advised of his address and warning him that the failure to do so could result in dismissal of his action. (ECF No. 10). The September 9, 2019, order was also sent to Petitioner at the address he provided when he filed this action, (ECF No. 11), but it was returned as undeliverable, (ECF No. 12).

Petitioner has failed to comply with the court's orders and has not notified the Clerk of any address changes. The court has not received any response from Petitioner and the time for his compliance has passed.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss sua sponte

for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the [plaintiff's history of] proceeding in a dilatory fashion; and,

(4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (internal quotation marks omitted). These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See id*. at 95–96.

Here, the factors weigh in favor of dismissal. As Plaintiff is proceeding pro se, he is personally responsible for his failure to comply with the court's orders or to advise the court of a change in address. Petitioner was specifically warned that his case would be subject to dismissal for failure to comply and that the failure to update his address would not be an excuse for missing a deadline. (ECF Nos. 6 at 2; 10 at 2). Petitioner's only activity in this case was to file the petition and motion to proceed in forma pauperis. (ECF Nos. 1, 2). The court concludes that Petitioner's lack of response to the orders indicates an intent to not prosecute this case and subjects this case

to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, as Petitioner was warned that failure to respond or comply would subject his case to dismissal, the court concludes that dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Accordingly, this case is **dismissed without prejudice**. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

November 1, 2019
Anderson, South Carolina


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.